G. L. Roberson v. Frank K. Sterrett.

No. 1016. Decided January 15, 1903.

1.—School Land—Void Sale by Purchaser—Forfeiture.

An attempted sale by a purchaser of school land under art. 4218fff (2 Batts' Civ. Stats.) to one not an actual settler, though it were held void, would not forfeit to the State the title of the original purchaser. (Spence v. Mitchell, ante, p. 43, explained.) (Pp. 182, 183.)

2.—School Land—Purchase of Additional Land—Occupancy—Sale.

Distinguishing between the rights in case of purchases of school land in addition to their home place by those who have purchased school land for a home and those made by owners of homes not upon unpatented school land (Batts' Civ. Stats., arts. 4218ff and 4218fff), it is held that the right in the latter case (owners residing on patented lands) is not lost, as in case of the former, by failure of a vendee of the original purchaser to reside on the land so purchased, if the vendor continued to reside on his original home place. (Pp. 183-185.)

3.—Same—Substituting Vendee as Purchaser from State.

Where a purchaser of school land as additional to a home on patented land sells such school land before completing his term of residence, his vendee, if entitled to place himself in the position of an original purchaser from the State by complying with art. 4218k, Rev. Stats., does not, where he has not done so, forfeit his rights by failing to reside on the land. (Pp. 185, 186.)

4.—Case Stated.

L., an owner of patented lands, conveyed same to S., the plaintiff, who, residing on same, purchased three sections of school land, as additional to such home, under Rev. Stats., art. 4218fff. This purchase, as well as the sale from L. to S., was found by the trial court to be in collusion with L., and therefore held to be void and to leave the three sections open to purchase by R., the defendant, who subsequently applied to buy one of them as a home and two as additional sections, under Rev. Stats., art. 4218ff, and judgment was rendered for the defendant; this was reversed, on appeal, on the ground that the title of S. could not be collaterally attacked for collusion. This ruling was complained of by R., on application for writ of error, which also asserted forfeiture of the title of S. because he had conveyed his three additional sections, before completing his three years residence, to L., who was a nonresident. Held, that the judgment on appeal was properly rendered for R. (Pp. 180-185.)

Motion for rehearing of an application for writ of error to the Court of Civil Appeals for the Second District, in an appeal from Shackelford County.

Sterrett sued Roberson for the recovery of land. Defendant had judgment and Sterrett appealed. The judgment having been reversed and rendered in favor of appellant, Roberson applied for writ of error, and, on its refusal, moved for a rehearing on his application, whereupon a written opinion was delivered refusing the writ.

The findings by the trial court were as follows:

FINDINGS OF FACTS AND CONCLUSIONS OF LAW.

From the testimony in the above cause I find the following facts:

1. Plaintiff owns the west half of the southwest quarter of section 65, block No. 13, T. & P. Ry. Co., lands in Shackelford County, Texas, and so owned same on September 10, 1897, through a deed from Sam

Lazarus to him of date August 18, 1897, retaining a lien for $2200, recorded in Shackelford County, Texas, on November 21, 1901.

2.   Plaintiff has resided with his family on said 80 acres of section 65 for the past fifteen years, and still resides on same.

3.   The deed from Sam Lazarus to plaintiff was made for the purpose of enabling plaintiff to purchase the lands in controversy for the benefit of plaintiff and Sam Lazarus.

4.   Sections 56, 58 and 62, block 14, T. & P. Ry. Co., lands in Shackelford County, Texas, are within a radius of five miles of section No. 65, and were by the Commissioner of the General Land Office on September 7, 1897, duly classified as dry grazing, and appraised at $1 per acre, and on September 8, 1897, were so listed with the county clerk of Shackelford County.

5.   On September 10, 1897, plaintiff filed in the General Land Office his applications, affidavits and obligations, in due form, to purchase sections 56, 58 and 62, block 14, T. & P. Ry. Co., lands as additional to the west half of the southwest quarter of section 65, and paid to the State Treasurer the required first payment and said lands were awarded to plaintiff and he has paid all interest on said lands to November 1, 1900.

6.   Plaintiff in making said applications, acted in collusion with Sam Lazarus, and his applications to purchase were made for the benefit of himself and Sam Lazarus.

7.   Defendant was over 21 years of age on February 16, 1901, and being on that date an actual settler on section No. 58, block 14, T. & P. Ry. Co., lands in Shackelford County, he made his applications, affidavits and obligations in due form to purchase section 58 as an actual [home] and sections 56 and 62, block 14, as additional lands, said section 56 and 62 being within a radius of five miles of said section 58, and filed same in the General Land Office on February 19, 1901, and on same date defendant paid to the State Treasurer the required first payment for said lands.

8.   Defendant continued to reside on section 58 until possession of all of said lands was taken from him on August 6, 1901, by writ of sequestration issued in this cause at the instance of plaintiff, and by reason of said sequestration, defendant has been damaged in the sum of $100.

9.   The sale to plaintiff made on September 10, 1897, of the land in controversy was at the instance and request of plaintiff canceled by the Commissioner of the General Land Office on February 25, 1901, and the county clerk of Shackelford County notified thereof on same date, which notice was received and filed by the county clerk on February 26, 1901.

10.   Plaintiff made and filed in the Land Office on February 26, 1901, his applications, affidavits and obligations in due form to purchase sections 56 and 58 and 62, block 14, T. & P. Ry. Co., lands as

additional to the west half of the southwest quarter of section 65 and, paid the State Treasurer the required first payment.

11.   The annual value of the rent of said premises is $100.

From the foregoing facts I find the following conclusions of law:

The purchase made by plaintiff in 1897, being for the joint benefit of plaintiff and Sam Lazarus, and in collusion with Sam Lazarus, plaintiff acquired no title thereunder, the land remained on the market, and the defendant being an actual settler on the land and having complied with the law in all respects, is entitled to the land.

Defendant being entitled to the land, plaintiff acquired no rights under his applications made in 1901, and judgment is accordingly rendered for the defendant.

N. R. LINDSEY, Judge Presiding.

*Legett & Kirby* and *Thos. L. Blanton,* for petitioner.—The right of an owner of other lands (than State school lands) to buy additional school lands is limited to an actual bona fide owner of and resident upon such other lands, and does not extend to any other class.   A sale to one not within the class specified is, in law, void.   Schwarz v. McCall, 94 Texas, 10; Gracey v. Hendrix, 93 Texas, 26; Willoughby v. Townsend, 93 Texas, 80; Boyd v. Montgomery, 3 Texas Ct. Rep., 893; Batts' Civ. Stats., art. 4218fff.

The sale, by a purchaser of additional lands, prior to the completion of the three years continuous ownership and occupancy, to one who does not become an actual settler thereon, ipso facto works a forfeiture of such additional lands, without any action of the Commissioner of the General Land Office, and such lands are again subject to sale.   Batts' Civ. Stats., art. 4218fff; McKnight v. Clark, 24 Texas Civ. App., 84.

*Warren & Webb,* for appellant.

GAINES, CHIEF JUSTICE.—This is a motion for rehearing of an application for a writ of error and is supported by a citation of a new authority, namely the case of Spence, Administrator, v. Mitchell, recently decided in this court, and not yet officially reported.   [Reported ante, p. 43.]   It was held in the case referred to, that a sale by a purchaser of school lands of a part of his additional lands to another who was not an actual settler upon the lands so bought passed no title, although the vendee was, as the owner of other lands within a radius of five miles of the lands purchased by him, entitled to purchase the same from the State, without making actual settlement thereon.

In the present case Sterrett, who was the original purchaser of the land in controversy as additional lands to his home section, before he had completed his three years term of occupancy, conveyed the same to one Lazarus, who never settled thereon.   The point made is that the sale to Lazarus was void and that therefore the title was lost and the land became the property of the State, and subject to sale to any actual

settler. We did not so decide in Spence v. Mitchell. Spence as administrator of the estate of one Franklin was the plaintiff in that suit, and claimed title in part under a purchase by his intestate from one Taylor, an original purchaser from the State. We determined, for the reason already stated, that the attempted sale was void, and that since the plaintiff showed no title in his intestate to the premises in controversy, judgment was properly rendered for the defendant in the action. The question whether, after the attempted sale by Taylor to Franklin, the title remained in Taylor or was forfeited to the State was not involved in that case and was not decided.

It is insisted, however, in the argument in support of this motion, that art. 4218fff, 2 Batts' Civ. Stats., provides, in effect, that an attempted sale by an original purchaser to one who is not an actual settler forfeits the title to the State; and we have no doubt that the Legislature might have so provided. But without entering upon a discussion of the language relied upon, we deem it sufficient to say, that we do not regard it as capable of that construction. Under the colonization law of Coahuila and Texas of April 28, 1832, colonists were prohibited from selling their lands until after six years from the time of taking possession. Attempted sales within the prohibited period were uniformly held void, but it has never been held that they created a forfeiture. Hunt's Heirs v. Robinson's Heirs, 1 Texas, 748; Brown v. Simpson, 67 Texas, 225, and many intermediate cases. The effect of the holding is, that, the attempted sale being void, the title remained in the vendor. Applying the rule to this case, the title was still in Sterrett, notwithstanding his purported sale to Lazarus, and no forfeiture having occurred for nonpayment of interest or other cause when Roberson made application to purchase, it was not then on the market for sale, and he acquired no right thereby.

The motion for a rehearing of the application for the writ of error is overruled.

### ADDITIONAL OPINION.

#### Filed March 30, 1903.

Our opinion in this case was written upon a motion for a rehearing of an application for a writ of error. The labors of the court are such as to preclude our writing opinions upon the refusal of writs of error—except upon rare occasions. Upon such occasions we have time only to make such remarks as are necessary to prevent a misconception of our ruling. Such opinions are therefore brief. Our purpose in writing the opinion in this case was merely to distinguish it from another which had been very recently decided by this court, and which was cited and relied upon to sustain the motion for a rehearing.

However, we have been led to believe that our opinion has given rise to some perplexity in the minds of those charged with the administration of the laws for the sale of the public school and asylum lands, and

therefore we consider it appropriate to state more fully the grounds upon which it was based.

The Act of May 7, 1897, which provides for the sale and lease of the public free school and asylum lands, contains two sections which are incorporated in Batts' Revised Civil Statutes as articles 4218ff and 4218fff. They read as follows:

"Art. 4218ff. When any purchaser buys and settles upon a section or part of a section of school lands, and buys, either at the same time or subsequently, other lands in addition thereto, a forfeiture for any legal cause of the part on which he resides, at any time before the three years residence thereon has been completed, shall work a forfeiture of the entire purchase, except such part thereof as he may have previously sold to another. But after the three years residence has been completed, a forfeiture of the home tract shall not of itself work a forfeiture of the other tract or tracts. In case of sale of any of said tracts before the three years residence has been completed, the vendee must reside thereon until he has completed the three years occupancy from the date of the original purchase, and a failure to do so shall subject his land to forfeiture; but in case of sale of any of said tracts after the completion of the three years residence, the vendee shall be exempt from the condition of settlement and occupancy."

"Art. 4218fff. Any actual, bona fide owner of and resident upon any other lands contiguous to said lands, or within a radius of five miles thereof, may also buy any of the aforesaid lands, but in such case a failure to reside upon either his other lands or upon a part of the additional lands so purchased by him, so as to make his ownership and occupancy thereof continuous for three years, shall work a forfeiture of such additional lands so bought from the State, unless he shall have sold his land to another who may and does complete a three years continuous ownership and occupancy of and residence upon his said lands as above stated and as is herein required of actual settlers."

It is obvious that the first of these articles applies to those who have purchased a section or a part of a section of school lands and who have subsequently or at the same time bought an additional section; and that the second applies only to those who have bought additional lands as the owners of lands other than school lands.

Sterrett, in whose favor the judgment was rendered in the Court of Civil Appeals, bought the section in controversy in this suit under the latter article. He bought the additional section, not as a purchaser of school lands, but as the owner of "other lands." Article 4218fff clearly contemplates that such purchaser may perfect his title to the additional lands purchased by him by the continued residence for three years upon his original land or upon the lands so purchased; and it would seem that he is allowed to tack his occupancy of the purchased land to that of the land originally owned by him in order to make up the designated period, provided there is no lapse between the two. In the event he fails to make such continued residence and occupancy, the law provides

that his purchase shall work a forfeiture, and this is the only forfeiture prescribed in that article. The language, "unless he shall have sold his land to another who may and does complete a three years continuous ownership and occupancy of and residence upon his said lands as above stated and as is herein required of actual settlers," seems to have been intended to give the purchaser the privilege of selling at least his original lands and abandoning his occupancy without the forfeiture of any right, provided his vendee should complete the occupancy in his place. This very clearly implies, that sale or no sale there shall be no forfeiture, in case either the original purchaser or his vendee shall continue and complete the three years residence, either upon the land originally owned, or upon that purchased from the State. This article does not contain the provision found in the next preceding one which applies to purchasers of school lands who have bought, either at the time of their original purchase or subsequently, additional lands. In regard to the sale of such additional lands by such purchasers, that article provides: "In case of sale of any of said tracts before the three years residence has been completed, the vendee must reside thereon until he has completed the three years occupancy from the date of the original purchase, and a failure to do so shall subject his land to forfeiture," etc. That is an express provision, that, in case of a sale by the original purchaser of lands purchased as additional to a purchase of a home section of school lands, the failure of his vendee to occupy and continue to reside upon the land so purchased by him shall subject his land to forfeiture to the State. Article 4218fff contains no such provision, and that omission indicates to our minds that it was not the intention that such rule should apply to a sale of additional lands purchased from the State by one as the owner of lands other than school lands as provided for in that article. It precludes us from deducing such construction from the purpose and spirit of the entire article. However difficult it may be to assign a satisfactory reason why a different rule should be laid down in the two classes of cases, still it is apparent a different rule is provided, and it is not proper for the courts to declare that a forfeiture has been suffered where it is provided for neither by express words nor by clear implication.

Article 4218k contains this provision: "Purchasers may also sell their lands, or a part of the same, in quantities of forty acres or multiplies thereof, at any time after the sale is effected under this chapter, and in such cases the vendee, or any subsequent vendee, or his heirs or legatees, shall file his own obligation with the Commissioner of the General Land Office, together with the duly authenticated conveyance or transfer from the original purchaser and the intermediate vendee's conveyance or transfer, if any there be, duly recorded in the county where the land lies or to which said county may be attached for judicial purposes, together with his affidavit, in case three years residence has not already been had upon said land and proof made of that fact, stating that he desires to purchase the land for a home, and that he has in

good faith settled thereon, and that he has not acted in collusion with others for the purpose of buying the land for any other person or corporation, and that no other person or corporation is interested in the purchase, save himself, and thereupon the original obligation shall be surrendered or canceled or properly credited, as the case may be, and the vendee shall become the purchaser direct from the State, and be subject to all the obligations and penalties prescribed by this chapter, and the original purchaser shall be absolved in whole or in part, as the case may be, from further liability thereon." This was a section of the Act of 1895, to which articles 4218ff and 4218fff were added as amendatory thereof. Whether it should be 'construed to apply to a purchaser under article 4218fff we need not determine in this case. It may be that when Sterrett sold to Lazarus the latter had the right under this section to make the affidavit and substitute his obligations for those of his vendor, and that in such a case the land so purchased would have been forfeited by his failure to occupy and reside upon it. But he did not place himself in the position of an original purchaser.

Our former opinion in this case intimates, at least, that as between Sterrett and Lazarus no title passed by the attempted sale. The determination of that point was not necessary to a decision of the case. Sterrett never abandoned his original land, but continued his residence upon it for more than three years after he purchased the section of school land in controversy: Therefore under article 4218fff, by virtue of which he made his purchase, no forfeiture accrued, although his deed to Lazarus may have been effectual to transfer his right in the land attempted to be conveyed.

It is ordered that this opinion be filed as an addendum to our former opinion.