### C. O. Nesting v. J. J. Terrell, Commissioner.

#### No. 1230. Decided June 26, 1903.

**1.—School Land—Purchase—Correction of Mistake.**

The owner of and resident on land not a school land purchase, applying to buy an additional tract of school land, by mistake described his residence as being upon school land out of the same section; continuing his residence on his home tract for three years, but having sold the school land so purchased, his vendee should have been permitted to make proof of the mistake and receive the title, which the vendor had the right to acquire as a purchaser under art. 4218fff, Rev. Stats. (Pp. 21, 22.)

**2.—School Land—Sale by Purchaser—Forfeiture.**

A sale of school land by one who purchased same under art. 4218fff, Rev. Stats., to one who is not an actual settler, does not forfeit such vendor's title. Following Robinson v. Sterrett, 96 Texas, 180. (P. 22.)

**3.—Same—Title of Vendee.**

A purchaser of school land under Rev. Stats., art. 4218fff, may sell same. before completing his occupancy, to one not an actual settler thereon, and the latter acquires his rights. (Pp. 22.)

Original application by Nesting to the Supreme Court for writ of mandamus against the Commissioner of the General Land Office.

*C. C. Clamp,* for relator.—It is a general rule in equity that an act done or contract made under a mistake or ignorance of a material fact is avoidable and relievable against in equity. 1 Story's Equity, sec. 141; Ross v. Armstrong, 25 Texas Supp., 355.

The provisions of article 4218ff, Revised Statutes, relate to purchasers of "school land" and those of article 4218fff, same statute, relate to purchasers of lands other than school land. If either the original purchaser or his vendee resides either upon the land originally owned or upon that purchased from the State to complete the three years, no forfeiture can legally be suffered. If A buys a tract of land, being "deeded" land, moves upon and makes his home thereon, and twelve months after the date of his taking up his residence upon said home tract he acquires from the State a section of school land as additional to his home tract, and twelve months after the date of such award he sells the said additional land by deed duly recorded to B, and though the vendee B does not take up his residence on such land, yet the original purchaser still continues to own and reside upon his original purchase (the deeded

land) for more than three years after the award of the additional land,—in such a case no forfeiture can legally be made of this additional tract, although B never in fact resided upon the additional land.  Spence v. Dawson, 70 S. W. Rep., 73; Brown v. Simpson Heirs, 67 Texas, 229; Robinson v. Sterrett, 96 Texas, 180.

*C. K. Bell,* Attorney-General, and *T. S. Reese,* Assistant Attorney-General, for respondent.—It seems to us that too little force is attributed in the decision of Robinson v. Sterrett to the language "so as to make his ownership and occupancy thereof continuous for three years." We submit that this language in connection with the general context shows a distinct intention to require that the ownership and occupancy shall coexist in the same person for three years after the date of purchase of the additional land, and distinctly to negative the idea that the ownership may be in one person and the occupancy in another.

The purchaser is given the privilege of residing upon either his home tract on patented land or a part of the additional land for three years. I think clearly he might reside a part of the time on the one and part of the time on the other, and, as said in Robinson v. Sterrett, tack the one occupancy upon the other so as to make out the three years, provided there is no interval of nonoccupancy upon either between, but this occupancy must be such as to make "his ownership and occupancy thereof continuous for three years." That is, his ownership as well as his occupancy must be continuous for that time. Failure in the first purchaser to do this works a forfeiture "unless he shall have sold his land to another who may and does complete a three years' continuous ownership and occupancy of and residence upon his said land as above stated." Still "continuous ownership and occupancy" is the language used.

Occupancy of and residence upon the home tract goes for occupancy of the additional land, and occupancy of and residence upon any part of the additional land goes for occupancy of the whole; provided, and only provided, such occupancy is coupled with ownership. The law requires three years' occupancy in the case of a purchaser buying a home section of school land and three additional sections, but actual residence upon his home section constitutes actual occupancy of the additional lands, makes the purchaser an "actual settler," but only so long as he owns the whole. His residence upon the home tract does not protect the additionals after he has ceased to be the owner. As soon as the tie of common ownership, which for purposes of occupancy binds the additional land to the home section, is broken there ceases to be occupancy of the additional land, unless the new purchaser at once substitutes his own actual occupancy thereon for the constructive occupancy of the home section.

This much the court concedes in cases of sales of additional lands to a subpurchaser under article 4218ff, and it is said in Robinson v. Sterrett that no good reason can be seen for adopting a different rule in case of such sales under article 4218fff. But the court thinks that the Leg-

islature seems by the use of different language to have manifested an intention to adopt a different rule. It is true that different language is used, but we respectfully submit that the language in article 4218fff shows just as clearly as in the former article the intention to bind the ownership and occupancy of the home tract and the additional lands together in order to make it effective.

The intention that in this particular the same rule was intended to be applied in the one case as in the other is emphasized by the concluding language of article 4218fff, "and as is herein required of actual settlers." The Legislature evidently by this intended to refer to all of the requirements of the law, as to actual settlers, particularly, in all probability, to the requirements of the section immediately preceding.

In this case there has never been any actual occupancy of and residence upon the southeast half of section 6 in controversy by any of the persons claiming ownership. Thompson bought it as additional land to his home on the Weaver pre-emption August 14, 1899, and sold it to relator on January 20, 1902. From the time of his purchase to the date of the sale to relator—two years and seventeen months—there was continuous "ownership and occupancy" of this southeast half of section 6,—occupancy, under the express provisions of the statute by virtue of the residence upon the home tract held under the same ownership. On January 20, 1902, Thompson sold to relator. There being thus a break in the continuous "ownership and occupancy," the land became forfeited unless the purchaser completed "a three years' ownership and occupancy of and residence upon" the land sold, "as is herein required of actual settlers." This, confessedly, was not done. It would result from such a construction of this article of the statute as is necessary to authorize the granting of the writ of mandamus that a bona fide owner of and resident upon a tract of patented land may buy four sections of school land and sell them all the next day to any person without condition, save only that the owner of the home tract shall continue to reside thereon for three years. It is well to see where such a construction will lead before subscribing to it finally. We respectfully submit that although the language of article 4218fff is different from that employed in article 4218ff, the intention as clearly appears in the former as in the latter to require, upon penalty of forfeiture, the purchaser of additional lands to be an actual settler thereon, and to complete the three years' actual occupancy upon such additional lands, the severance of the title rendering the further occupancy of the home tract ineffectual for this purpose.

GAINES, Chief Justice.—This is a petition for a writ of mandamus against the Commissioner of the General Land Office.

Stripped of irrelevant matters the facts alleged in the petition are as follows: One Robert Thompson on September 15, 1898, became the owner of a pre-emption survey in the name of Weaver, and thereupon made his home and continued to reside upon the tract until April 21, 1903. Section 6 of the John H. Gibson surveys was originally a part

of the free school lands of the State and the southeast half thereof was on the 12th day of August, 1899, unsold and was upon the market for sale under the law. The section is situate within a radius of five miles of Thompson's home tract. On the day last named, he made application to purchase the southeast half of the section and in all respects complied with the law, save that in his application he made affidavit that he resided upon the northwest half of the section instead of saying that his home was upon the Weaver survey. The land applied for was awarded to him by the Commissioner of the General Land Office. As a matter of fact Thompson did not reside upon the northwest half of section 6, but upon the Weaver tract, and the statement in his application to purchase that he resided upon the former tract was inadvertently made. On January 20, 1902, Thompson for a valuable consideration executed a deed to relator to the land in controversy as well as to other lands not involved in this suit.

For the purpose of perfecting the title to the half section in controversy, on the 15th day of August, 1902, Thompson made his proof of occupancy of three years of his home tract—the Weaver survey—and upon the objection of the Commissioner that his application to purchase the southeast half of section 6 was based upon his occupancy and residence upon the northwest half of the same section, he filed his affidavit showing that the northwest half of section 6 was inserted therein by mistake, and that, at the time of his application, he in fact resided upon the Weaver tract and intended to state such as the fact. Nevertheless the Commissioner canceled Thompson's purchase upon two grounds, (1) on that of the mistake in the application, and (2) because the relator did not become an actual settler upon the land when he bought from Thompson.

The case is submitted to us upon a demurrer to the petition, and an answer alleging merely in effect that the uniform practice in the land office had been in cases like this to hold that a sale by an original purchaser to one who does not become an actual settler upon the land so sold had the effect to forfeit the title to the land and to cancel the original purchase.

Three questions suggest themselves by the case so made:

1. Can a purchaser of additional school lands, who in naming in his application his home section has by mistake given the wrong designation, have the application corrected so as to show the true name?

2. Does a sale by a purchaser under article 4218fff of the Revised Statutes to one who is not an actual settler forfeit the title to the land so sold?

3. If the original purchase be not forfeited, does the sale to the second purchaser pass the title?

In the argument before us, the second was the only question insisted upon; but all of them are necessarily in the case, and must be passed upon in determining whether the writ of mandamus should be awarded.

1. The statute gives to the owner of land other than school lands

the right to purchase school lands lying within a radius of five miles of the land owned by him. Rev. Stats., art.. 4218ffff. But it does not provide the manner in which the Commissioner is to be apprised of the fact of ownership, or of the situation of the lands proposed to be purchased with reference to the land already owned by him.. It would seem, however, that in order to execute the law, the Commissioner should be in some manner advised as to these facts. But since the statute gives to the owner of the other lands the right to purchase school lands in proximity thereto, we think, when the owner does so purchase, he acquires the title, and that, at any time before the right of any third party has intervened, he should, in case the mistake in the description of the land upon which he bases his right to purchase has been inadvertently made, be permitted to show the fact and to correct his application. Whether a third party might acquire a superior right by applying to purchase before the correction is made is a question not in this case and it is one we do not decide.

2. Counsel for respondent concedes that the point raised by the second question had been ruled against him in the case of Robinson v. Sterrett, 96 Texas, 180, but asks us to reconsider that ruling. We have accordingly considered the matter for the third time and see no good reason for changing our opinion. Article 4218ffff expressly provides a condition for forfeiture which is different from that provided in article 4218ff; and, by a well established rule of construction, we think that no additional grounds of forfeiture should be implied. The mere fact that to permit the second purchaser to buy without settling upon the land does not seem to accord with the general spirit and policy of our laws in relation to the sale of school lands, is not sufficient to justify us in disregarding this rule of construction.

We hold, therefore, that the title was not forfeited by the sale from Thompson to the relator, although the relator did not become an actual settler upon the land.

3. In regard to the third point we have, with much difficulty, reached the conclusion that Thompson had the right to sell to one who was not a settler.

It follows, that in our opinion the writ prayed for should be granted, and it is accordingly so ordered.