E. H. MILLER v. W. J. HALLFORD.

Decided January 9, 1904.

**School Land—Sale by Purchaser—Actual Settlement.**
Where T., as the owner of land other than school land under Revised Statutes, article 4218fff, purchased a tract of school land from the State, his subsequent sale thereof to another was valid and effectual, irrespective of whether or not his vendee became an actual settler on the land. Following Nesting v. Terrell, 97 Texas, 16.

Appeal from the District Court of Callahan. Tried below before Hon. J. H. Calhoun.

*Legget & Kirby*, for appellant.

*Russell & Russell* and *Otis Bowyer*, for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant brought suit against appellee to recover eighty acres of school land in Callahan County, claiming to be entitled to the land as vendee of L. M. Tyler, to whom it had been duly sold as the owner of land other than school land under article 4218fff of the Revised Statutes. The award was made to Tyler in November, 1897, and he was recognized in the General Land Office as the purchaser till March 6, 1903, when the Commissioner indorsed on his obligation, "Land forfeited for abandonment," which was followed by a reclassification and appraisement and an application in due form by appellee to purchase as an actual settler. The next year after the award was made to Tyler he sold the land in controversy to G. M. Stokes and wife, who conveyed it the year following to appellant's wife, the deed reciting a consideration of $175. In addition to this, May 21, 1903, Tyler made a conveyance to appellant himself. Tyler never ceased to own and occupy as his place of residence the land made the basis of his application to purchase the school land, and the annual interest payments were all made in his name by the successive vendees, but neither Tyler nor any of his vendees ever occupied the land in controversy. Appellee went into possession thereof as the tenant of appellant and while so in possession became an actual settler and made application to purchase it as such.

The facts above stated, which are undisputed, bring the case within the ruling made by the Supreme Court in Nesting v. Terrell, 75 S. W. Rep., 485, decided since the trial below.

The judgment is therefore reversed and here rendered for appellant.

*Reversed and rendered.*